# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 10, 2011

No. 10-40945
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NURIA ELIZABETH ALBERTO-DE GOMEZ,

Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of Texas
No. 2:10-CR-288-2

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Nuria Alberto-de Gomez appeals her jury conviction of conspiracy to trans-
port illegal aliens and three counts of aiding and abetting in the transportation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of illegal aliens. She argues that the government failed to prove that she knowingly and intentionally conspired to transport illegal aliens within the United States. She asserts that her testimony accounted for her actions during the entire relevant time preceding her arrests and that government witnesses gave conflicting testimony, which made their testimony less credible.

Because Alberto-de Gomez moved for judgment of acquittal at the close of the government's evidence and renewed the motion after she rested her case, we "will affirm the district court 'if a reasonable trier of fact could conclude that the elements of the offense were established beyond a reasonable doubt.'" *United States v. Percel*, 553 F.3d 903, 910 (5th Cir.2008) (citation and alteration omitted). In undertaking that review, we view the evidence in the light most favorable to the verdict and draw all reasonable inferences from the evidence to support the verdict. *Id.*

Using that standard, we conclude that the jury had more than an ample basis for determining that Alberto-de Gomez knowingly participated in a conspiracy with her husband, Juan Gomez, to transport illegal aliens and aided and abetted in the transportation of the aliens within the United States. *See United States v. Pando Franco*, 503 F.3d 389, 394 (5th Cir. 2007); *United States v Avila-Dominguez,* 610 F.2d 1266, 1271 (5th Cir. 1980); 8 U.S.C. § 1324(a)(1)(A)(ii). The testimony of the aliens showed that Alberto-de Gomez and her husband took steps to alter the aliens' appearances and to control their responses to agents to conceal their illegal entry. The jury could have inferred Alberto-de Gomez's knowledge of her wrongdoing based on her admission that she was warned in 2008 of the consequences of transporting illegal aliens.

The jury's apparent determination that the testimony of the government's witnesses was more credible than Alberto-de Gomez's cannot be reevaluated by this court and is also supported by the overwhelming evidence in the record. *United States v. Simmons*, 470 F.3d 1115, 1120 (5th Cir. 2006). The evidence was sufficient for a reasonable jury to conclude that the government had estab-

No. 10-40945

lished the elements of the conspiracy and transportation offenses beyond a reasonable doubt. *Percel*, 553 F.3d at 910.

Alberto-de Gomez contends that the district court erroneously denied her motion for a new trial without considering her proffer that she possessed evidence that her husband would exonerate her of wrongdoing. To be entitled to a new trial based on newly discovered evidence, Alberto-de Gomez must have demonstrated that the evidence was unknown to her at the time of trial, that the failure to detect the evidence was not from her lack of diligence, that the evidence was material, and that it would probably produce an acquittal. *United States v. Bowler,* 252 F.3d 741, 747 (5th Cir. 2001). Because Alberto-de Gomez was aware, at the time of trial, that her husband could provide testimony, his proposed testimony was not new evidence. Nor has she shown that he had agreed to give up his Fifth Amendment right against self-incrimination if called to testify. Further, even if he had testified, the jury could have found that his testimony in favor his wife was biased and did not rebut the consistent material testimony of the three illegal aliens that overwhelmingly proved guilt. The district court did not abuse its discretion in denying the motion for new trial. *Id*.

The judgment is AFFIRMED.